STATE OF NORTH CAROLINA v. MICHAEL DAVIS BENFIELD

No. 7426SC417

(Filed 3 July 1974)

1. Criminal Law § 145.1— revocation of probation

The record supports the trial court's determination that defendant violated the terms of his probation by violating the penal laws of the State and by moving his residence without the written permission of his probation officer.

2. Criminal Law § 145.1— revocation of probation — prior review of file — failure to bring defendant before court

Court's authority to revoke defendant's probation in a proceeding under G.S. 15-200 was not affected by the failure to bring defendant before the court when his file was previously reviewed by the court pursuant to G.S. 15-205.1.

APPEAL by defendant from an order revoking probation entered by *Ervin, Judge,* at the 29 October 1973 Session of Superior Court held in MECKLENBURG County.

After pleading guilty to using obscene and indecent language over the telephone, defendant Michael Davis Benfield was sentenced to two years imprisonment, suspended and placed on five years probation on 2 February 1970. As a condition of probation, defendant was required to remain in a specified area and was not to change his place of residence without written consent from the probation officer. Other conditions of probation were that defendant not violate any penal law of any state and be of general good behavior.

On 12 April 1973, Judge Grist entered an order, in relevant part, as follows:

"IT APPEARING that the above named defendant was placed on probation by the Honorable T. D. Bryson, Jr., Judge holding this Court on the 2nd day of February, 1970, for a period of 5 years, and it further appearing and this Court finds as a fact after reviewing the case file in accord-

State v. Benfield

ance with General Statutes 15-205.1 that probation supervision is serving a useful purpose.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT the probation be and the same is hereby continued under the former order of the Court."

Defendant was not brought before Judge Grist and was unaware that his file was being reviewed by the court.

In May 1973, defendant pled guilty to a charge of failing to pay a motel bill and was sentenced to 30 days, suspended for six months. The offense occurred on 6 August 1972. On or about 15 June 1973, defendant moved from Charlotte, North Carolina, to Marietta, Georgia, with the intention of accepting a job offer in the Atlanta area. The move was made without written permission. Defendant returned to Charlotte, North Carolina, on or about 11 July 1973.

After proper notice and hearing on 2 November 1973, Judge Ervin determined that defendant had violated the terms and conditions of his probation. The probation was revoked, and defendant was ordered to begin serving the two-year term which had initially been suspended. Defendant appealed.

*Attorney General Robert Morgan by Richard F. Kane, Associate Attorney, for the State.*

*Elam & Stroud by William H. Elam for defendant appellant.*

VAUGHN, Judge.

[1]  The record supports Judge Ervin's determination that defendant violated the terms of his probation in that he violated the penal laws of the State and moved his residence without the written permission of his probation officer.

[2]  Defendant appears to contend, nevertheless, that Judge Ervin could not revoke defendant's probation because of alleged errors in earlier review before Judge Grist. Defendant contends that he was substantially prejudiced and his constitutional rights violated because the probation officer did not physically bring him before the court for review under G.S. 15-205.1, which provides:

"Mandatory review of probation.—It shall be the duty of the probation officer in all cases referred to him to

bring the probationer before the appropriate court having jurisdiction for review by the judge to determine whether the probationer should be released from probation after the probationer has actually been on probation for one year, if the period of probation was three years or less, or he has been on probation for three years if the period of probation was for more than three years. The court shall review. the probationer's case file and determine whether he should be released from probation. This section shall not restrict the court's power to continue, extend, suspend or terminate the period of probation at any time as provided in G.S. 15-200."

The quoted statute leaves it unclear whether the probationer need be present when the appropriate court "review[s] the probationer's case file" for possible early release from probation. The better practice would seem to be to bring the probationer before the court.

Compliance, or lack of it, with G.S. 15-205.1, however, does not restrict the court's power to continue, extend, suspend or terminate the period of probation at any time by appropriate proceeding under G.S. 15-200. The proceeding before Judge Ervin was duly conducted pursuant to G.S. 15-200, and the order from which defendant appealed is affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.